The motion was immediately argued and overruled, from which decision the defendants prayed an appeal, and moved the cause to Hillsborough Superior Court. The motion was again argued in that court at October Term, 1800, and overruled by Judge TAYLOR. At October Term, 1802, Judge TAYLOR again presiding in that court, the defendants moved for leave to add the plea ofplene administravit, to which the Judge being dissatisfied with his former opinion, added the Act of 1715, and granted a rule on the plaintiff to show cause and ordered the rule to be transmitted to this Court for the opinion of all the Judges. *Page 509 
The plea of the statute of limitations in the (604) affidavit mentioned, having been overruled at October Term, 1800, this Court cannot take any cognizance of that plea; and as to the plea of plene administravit, the defendants having shown no good cause for their being permitted to enter that plea at this stage of the proceedings, this Court leaves them to make out such a case as may entitle them to such a plea, at the discretion of the Judge before whom the cause may be tried — and remanded the cause.
At October Term, 1803, the cause was put to the jury, and a verdict entered for the plaintiff. The counsel for the defendants then suggested that the opinion of the Court of Conference was founded on a mistake; the right of adding the plea of the Act of 1715 having never been decided on by that Court, as intended by Judge TAYLOR, when he granted the rule of October, 1802. It was therefore ordered that the same rule should be again transmitted to the Court of Conference, and that the verdict taken at this term should be subject to their opinion thereon.
By the Court: The Court considers that the question as to the plea ofplene administravit has been settled in this cause in this Court heretofore. The plea of the statute of limitation is permitted to be entered, under the circumstances of the case, upon payment of full costs. 1 Wils., 177; 3 Term, 124; 1 Bofanq., 228.
Cited: Hamilton v. Shepard, 4 N.C. 357.
NOTE. — See on the first point, Woolford v. Simpson, 3 N.C. 132, and the case referred to in the note.
On the second point, see Johnston v. Williams, post, 628.
(605)